UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUCY GAO,

         Plaintiff,

   v.

SONIA MING-JIU CHIOU,

         Defendant.

Case No.15-cv-03594-NC

**ORDER TO SHOW CAUSE RE: JURISDICTION**

Defendant Sonia Chiou filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. In the underlying complaint, Lucy Gao brought a limited action for unlawful detainer, which arises exclusively out of state law. Accordingly, defendant must show cause in writing why removal is proper by August 17, 2015.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a).

Case No.:15-cv-03594-NC

1    In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Here, Chiou alleges in her notice of removal that Gao is violating the Fair Housing Act, 42 U.S.C. § 3604, her defense to the unlawful detainer action. This is insufficient as a basis for removal because federal question jurisdiction cannot be based on a defense.

Chiou cites to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005) as a basis for jurisdiction. In that case, the Supreme Court determined that there was a narrow exception to the general rule stated above. A federal court can have jurisdiction over state law claims, lacking diversity, if the state law claims "turn on substantial questions of federal law," and "only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Id.* at 312, 313-14. The underlying complaint is an unlawful detainer cause of action, a state law claim, and it does not implicate federal laws on its face. Dkt. No. 1-1. Chiou must provide more to demonstrate that this case fits within the narrow exception of *Grable*, permitting federal jurisdiction for state law claims that implicate substantial questions of federal law.

If defendant does not demonstrate federal subject matter jurisdiction, this case will be remanded back to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: August 10, 2015            _____
                                  NATHANAEL M. COUSINS
                                  United States Magistrate Judge

Case No.:15-cv-03594-NC            2